[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Jeannine M. Williams is the administratrix of the estate of her late husband, Walter T. Williams, III, and she brings this action for damages arising from his death. In September 1994, the defendant Richard Reynolds was convicted of murder in the death of the decedent.
After the defendant Richard Reynolds entered his pro se appearance in this matter, he was defaulted for failure to plead. The case was then claimed for a hearing in damages.
At the hearing in damages before the court, Mrs. Williams presented her case solely by offering in evidence requests for CT Page 2047 admission which had been directed to the defendant. The defendant failed to respond to the requests for admissions and the facts in the requests are therefore deemed admitted in accordance with Practice Book § 239. The admissions establish the facts hereafter set forth.
On December 18, 1992, the decedent, Walter T. Williams, III, a police officer with the Waterbury Police Department, stopped the defendant for questioning at approximately 4:00 a.m. The defendant then shot the decedent in the head with a handgun, causing severe and painful injuries that ultimately caused the decedent's death. At the time of his death, the decedent lived with his wife and two young sons in Wolcott. On March 5, 1993, Mrs. Williams was appointed administratrix of her husband's estate.
In an action for wrongful death, an executor or administrator may receive "just damages" together with medical and funeral expenses. General Statutes § 52-555. "Just damages" includes: (1) the present cash value of the decedent's lost earning capacity less deductions for necessary living expenses; (2) compensation for the destruction of the decedent's capacity to carry on and enjoy life's activities; and (3) compensation for conscious pain and suffering. Katsetos v. Nolan, 170 Conn. 637,657 (1976). There is no mathematical formula for assessing damages in death cases. Id.
The admissions do not provide a factual basis on which the court can award the decedent's medical or funeral expenses. Nor do the admissions provide any factual basis for an award for the decedent's lost earning capacity. The admissions are sufficient for the court to award damages for conscious pain and suffering and for the decedent's loss of life's enjoyment. The admissions establish that the decedent experienced pain and suffering prior to his death from the gunshot wound to his head. Death deprived the decedent, a young police officer, of the enjoyment of his family and of the opportunity to raise and enjoy his three young sons. (At the time of the decedent's death, Mrs. Williams was pregnant; the decedent's third son was born after the death of his father.) The court finds that just damages for the death of Walter T. Williams, III, is one million dollars ($1,000,000.) and judgment will be rendered on the first count of the complaint in that amount.
The second count of the complaint sets forth a claim by CT Page 2048 Mrs. Williams for loss of consortium arising as a result of her husband's death. In Ladd v. Douglas Trucking Co., 203 Conn. 187
(1987), our Supreme Court held that a surviving spouse may not recover for postmortem loss of consortium. The court found that our wrongful death statute, General Statutes § 52-555, is the exclusive means by which damages resulting from death may be recovered and the statute does not provide for recovery of postmortem loss of consortium. Id., 196-7. Accordingly, judgment is entered for the defendant on the second count of the complaint.
In the third through fifth counts of the complaint, each of the minor sons of the decedent claims damages for loss of parental consortium arising from the death of their father. This court has previously recognized a cause of action for loss of parental consortium arising as a result of personal injury to a parent. Ammerman v. Johnson, Superior Court, judicial district of Waterbury, Docket No. CV94-0121129 (October 24, 1995). However, the reasoning of Ladd v. Douglas Trucking
impliedly precludes a claim for postmortem loss of parental consortium just as it expressly precludes a claim for postmortem loss of marital consortium. Accordingly, judgment is entered for the defendant on the third, fourth and fifth counts of the complaint.
Judgment is entered on the first count of the complaint for One Milhon Dollars ($1,000,000.), plus costs. The plaintiff is not entitled to interest at the offer of judgment rate because the plaintiff's recovery is less than the amount set forth in the plaintiff's offer of judgment.
/s/ Vertefeuille, J. VERTEFEUILLE